[Civ. No. 23171. Fourth Dist., Div. Two. May 5, 1981.]

In re the Marriage of SHIRLEY GAY and GEORGE LUCERO.
SHIRLEY GAY LUCERO, Appellant, v.
GEORGE LUCERO, Respondent.

COUNSEL

Richard L. Keller for Appellant.

Roger Noorthoek for Respondent.

OPINION

**TAMURA, J.**—In an action to dissolve the marriage of Shirley Gay Lucero (wife) and George Lucero (husband), the parties agreed to bifurcate the proceeding. An interlocutory judgment was granted, followed several months later by trial of the property and support issues. Wife appeals from the later judgment addressed to those issues.[1] The appeal presents an important community property issue concerning the effect of withdrawal and redeposit of employee retirement contributions.

The parties were first married in January 1947. This marriage terminated in a final judgment of divorce entered in October 1955. In March 1956, the parties remarried. They again separated in November 1976. The youngest child of the two marriages reached adulthood in November 1979.

Husband worked for the federal government in various capacities beginning in 1942 and ending with his retirement in October 1977 at the age of 57. Husband's employment was not continuous but was interrupted several times. At the time of retirement, husband received credit for 30 years and 1 month of employment service. However, he had withdrawn his retirement contributions to date in 1966. To obtain the maximum retirement benefit, he had to redeposit these funds, in the amount of $9,373. Husband did redeposit this amount, after separation from wife, using his own separate funds. As of October 1977, the date of retirement, his monthly retirement benefit was $840 per month. If husband had not redeposited his retirement contributions, his monthly benefit would have been $474 per month.[2] Husband had not sought any other employment after retirement up to the time of trial.

---

[1] The notice of appeal was filed prematurely, after the court announced its intended decision but before entry of judgment. Under rule 2(c), of the Rules of Court, we treat the appeal as an appeal from the judgment.

[2] At the time of trial, husband's retirement benefits had increased from $840 to $1,002 per month. The amount husband would have received absent redeposit must

Wife also worked for the federal government. Her employment was interrupted by long intervals during which she devoted herself to the home and to the children. At the time of the trial below, she was 54 years old, was still working, and had credit for approximately 12 years of federal employment.[3] According to federal civil service regulations, an employee may retire at age 55 with 30 years of service, at age 60 with 20 years of service, or at age 62 with 5 years of service.

Relevant to the issues raised on appeal, the trial court determined (1) neither party was presently entitled to spousal support, (2) the community interest in husband's retirement benefits was in the ratio of the husband's time of employment during the second marriage (244 months) to his total employment time (361 months) or approximately 68 percent, (3) the community interest extended only to the benefit husband would have received absent the redeposit of funds, or approximately 68 percent of $474, subject to periodic cost of living increases, and (4) the community interest in wife's retirement benefits was in the ratio of her employment time during the second marriage (6 years) to her total employment time (impossible to determine) and the court reserved jurisdiction over this community asset.

Wife contends (1) the trial court erred in determining that the community interest in husband's pension extended only to the benefits that would have been received absent redeposit of funds; (2) the court erred in failing to recognize a community interest in pension rights acquired by husband during the first marriage; (3) the finding that wife had six years of employment time during the marriage is not supported by substantial evidence; and (4) the court failed to make adequate findings in support of the order denying spousal support.

I

■ Wife contends first that the community interest in husband's retirement benefits extends to the full amount of those benefits after re-

---

also have increased but this figure was never computed at the trial. Assuming a directly proportional relationship, we calculate that husband would have received $565 per month at the time of trial had he not redeposited.

[3] The record contains conflicting evidence regarding wife's age. On her financial declaration, dated October 23, 1979, she listed her age as 57. Her employment records, however, show January 20, 1925, as her date of birth. In her appellate brief, filed in October 1980, she stated she was 55 years old. We have treated the information in the brief and the employment records as correct, and we assume the age reflected on the financial declaration is erroneous.

deposit of employee retirement contributions. She concedes that the community must pay its pro rata share of the redeposit and indicates that she has at all times been willing to contribute her fair share. Husband responds that the increase due to redeposit is entirely his separate property because the redeposit was made with his separate funds after separation.

 The duties of spouses to deal fairly with each other do not terminate when they separate and obtain dissolution of their marriage. In particular, "one spouse cannot, by invoking a condition wholly within his control, defeat the community interest of the other spouse." (*In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 786 [148 Cal.Rptr. 9, 582 P.2d 96].) Thus a serviceman's election of a disability pension in lieu of a pension based on length of service does not defeat the community interest in the pension based on length of service (*ibid.*), nor will an employee spouse be permitted to defeat the other spouse's community interest in a pension by converting it to a joint and survivor annuity (*In re Marriage of Lionberger* (1979) 97 Cal.App.3d 56, 67-71 [158 Cal. Rptr. 535]). This principle is clearly relevant to the issue raised by a spouse's election to use separate funds to redeposit retirement contributions.

 In the present case, husband withdrew his retirement contribution in 1966 and this money was spent for community purposes. When the parties separated in 1976, only a negligible amount (about $50) had been redeposited. Husband retired one year later, in 1977, and made the redeposit using separate funds. The advantage of the redeposit is blindingly clear. Husband's benefits immediately increased by $366 per month, so that the total redeposit amount ($9,373) was recouped in about two years. Thereafter husband, who was still not 60 years old, could expect to enjoy the extra $366 per month for many years. In effect, husband purchased a $366 per month annuity, subject to periodic cost of living increases, for $9,373.[4] This was obviously a great bargain and was possible only as consideration for husband's service of over 30 years as a government employee.

To allow husband the sole right to decide whether to redeposit and the sole right to elect whether to redeposit with separate or community funds is to treat the redeposit right as husband's separate property. This

---

[4] At the time of trial, the size of the increase attributable to redeposit had already grown from $366 to $437 per month. (See fn. 2, *ante.*)

is incorrect because the redeposit right is a pension right and "the community owns *all* pension rights attributable to employment during the marriage." (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 844 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], italics supplied.)

Accordingly, we conclude that the trial court erred in failing to recognize wife's right to elect to share in the increased retirement benefits upon payment of her pro rata share of the redeposit.

■ We have treated the question of the nonemployee spouse's interest in benefits generated by redeposit of retirement contributions as one of first impression. In the only case to consider the problems raised by redeposit rights, the reviewing court held there was no community interest in the employee spouse's potential retirement benefits where, at the time of separation, the employee spouse had left the federal civil service and withdrawn all retirement contributions. Although the employee spouse had been rehired and had begun to redeposit the retirement contributions when the action was tried, the reviewing court nonetheless concluded that the potential retirement benefits were simply too tenuous and speculative to constitute community property and therefore the trial court was not required to retain jurisdiction over the retirement. (*In re Marriage of Forrest* (1979) 97 Cal.App.3d 850, 852 [159 Cal.Rptr. 229].) *Forrest* has doubtful relevance to the problem of husband's pension, because husband was actually receiving retirement benefits at the time of trial. However, the situation posed by wife's retirement rights is virtually identical to *Forrest*. As in *Forrest*, wife worked for the federal government during the marriage but withdrew all retirement contributions when she left that employment before the separation of the parties. After separation but before trial, wife again obtained federal employment. If her retirement contributions are redeposited, and wife eventually retires, her pension will be attributable in part to work performed during the marriage.

We have concluded, reluctantly, that *Forrest* is not compatible with the reasoning of our Supreme Court in the landmark case which recognized that nonvested pension rights are community property subject to division on dissolution of marriage. (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 841.) In so ruling, the court explained that "nonvested pension rights are not an expectancy but a contingent interest in property." (*Ibid.*) The court noted that "the defining characteristic of an expectancy is that its holder has no *enforceable right* to his beneficence." (*Id.*, at p. 845; original italics.) Pension rights, however, derive

from the contract of employment and are a form of property. (*Ibid.*) "The fact that a contractual right is contingent upon future events does not degrade that right to an expectancy." (*Id.*, at p. 846, fn. 8.)

We fail to perceive any material difference between the ordinary non-vested pension right discussed in *Brown,* and a nonvested pension subject to the single additional contingency of redeposit of retirement contributions previously withdrawn. Both are contingent contract rights, and thus both should be treated as property subject to division on dissolution of marriage.

## II

■ Wife next contends the trial court erred in failing to consider community property rights in husband's retirement benefits attributable to his employment during the first marriage. She also contends that similar rights resulted from husband's employment during the interval between the two marriages when the parties were cohabiting.

The question of husband's retirement rights was not raised during the divorce proceeding which terminated the first marriage because the law at that time did not recognize that nonvested pension rights were property subject to division on dissolution of marriage. (See *In re Marriage of Brown, supra,* 15 Cal.3d 838, 841.) Although our Supreme Court changed this rule in 1976, the ruling was not made fully retroactive and does not apply to the first marriage of the parties. (*Id.*, at pp. 850-851; *Shaver v. Shaver* (1980) 107 Cal.App.3d 788, 790-794 [165 Cal.Rptr. 672].) Wife suggests that some special exception should apply where the parties subsequently remarry but she cites no authority for this proposition and we find none. Remarriage has no effect on the binding and conclusive nature of the final judgment of divorce which terminated the first marriage, and we cannot see how rights extinguished by that judgment could subsequently be revived.

As for wife's argument that the parties' cohabitation between the two marriages permits her to assert an interest in husband's retirement rights attributable to his employment during that time, we observe that any such rights would be contract rights (*Marvin v. Marvin* (1976) 18 Cal.3d 660, 665 [134 Cal.Rptr. 815, 557 P.2d 106]) and could be asserted only in a separate civil action and not in a proceeding under the Family Law Act (rule 1212, Rules of Court).

## III

■ The trial court found: "Petitioner [wife] has worked for the federal government in the course of this marriage since 1969 and such employment is continuing to the present. Six years of her retirement benefits, in relation to her total years of service which cannot now be ascertained, constitute community property...." The judgment contains an identical recital of facts, followed by an order retaining jurisdiction over wife's retirement benefits. Wife contends the finding is not supported by substantial evidence. We agree.

Wife submitted documentary evidence after trial, apparently received without objection, from the United States Civil Service Commission indicating total employment during the marriage of approximately two years and four months.[5] Wife's testimony at trial was consistent with this evidence, although not as precise. She never stated that she worked continuously from 1969 but rather stated clearly that she worked for about one year, beginning in 1970, in addition to employment during the years immediately following the marriage. No other evidence was submitted on this issue.

Since the evidence on this issue was both uncontradicted and highly convincing, the evidence established as a matter of law wife's employment time during the marriage to be two years and four months. (See *Joseph* v. *Drew* (1950) 36 Cal.2d 575, 579 [225 P.2d 504]; *Am-Cal Investment Co.* v. *Sharlyn Estates, Inc.* (1967) 255 Cal.App.2d 526, 543 [63 Cal.Rptr. 518].)

## IV

■ If requested by either party, the trial judge in a dissolution action is required to make findings with respect to the circumstances justifying an order granting or denying spousal support. (Civ. Code, § 4801, subd. (a).) Wife contends the court below failed to do so. We disagree.

The court made the following relevant finding: "Petitioner [wife] is an able-bodied woman currently employed and earning in excess of

---

[5]The records show employment during three periods: (1) the date of marriage, March 14, 1956, to March 27, 1957, (2) October 14, 1957, to April 26, 1958, and (3) January 12, 1970, to October 21, 1970.

$900 per month; Petitioner is able to support herself; Petitioner is able to continue her employment without interfering with the interest of any of the children; Petitioner can generate additional income with the investment of the proceeds to be realized from the Otterbein property; Petitioner may redeposit her retirement credits and retire at age 60, approximately 6 years hence."

The finding contains one factual error. From our review of the record, it appears that wife would not have completed 20 years of employment at age 60 and would not be eligible for retirement at that time. The error is minor, however, because wife would be eligible for retirement at age 62, and would then have completed 20 years if she continues her present employment. Moreover, according to our decision on this appeal, wife will be able to receive a larger percentage of husband's pension. The improvement outweighs the factual error, and we are persuaded the error was nonprejudicial.

We are also satisfied that the finding is an adequate statement of the circumstances justifying the denial of spousal support. There is no requirement that the court make separate findings as to each of the circumstances listed in subdivision (a) of Civil Code section 4801. (See *Kurtz* v. *Kurtz* (1961) 189 Cal.App.2d 320, 322-323 [11 Cal.Rptr. 230].) Nor has wife suggested any particular disputed factual issue. as to which a specific finding would be helpful. (See *Baron* v. *Baron* (1970) 9 Cal.App.3d 933, 938 [88 Cal.Rptr. 404].) We find no error.

The judgment is modified as follows:

1. Paragraph 6 of the judgment is amended to read: "6. Petitioner, having elected to participate in the redeposit of respondent's employee retirement contributions, is ordered to pay respondent $3,154 as her pro rata share (1/2 x 244/361 x $9,373 = $3,154). Respondent is ordered to pay petitioner 122/361 of all retirement benefits received to date. Hereafter petitioner's share, 122/361 of each payment, shall be paid to her directly by the United States Office of Personnel Management." 2. Paragraph 7 of the judgment is deleted. 3. Paragraph 9 of the judgment is amended to read: "9. During the marriage, petitioner was employed by the federal government for a total of two years and four months, as a result of which the community acquired valuable pension rights. The court retains jurisdiction to divide this asset if and when petitioner becomes eligible for retirement."

As so modified, the judgment is affirmed. The parties shall bear their own costs on this appeal.

Gardner, P. J., and McDaniel, J., concurred.