Mr. Justice Walkee delivered the opinion of the court. The points of equity, presented by the record in this case, are, First: That the executors of the estate of McDaniel had no power to sell, and could convey no title to the lots sold to defendant, Owen, and therefore the consideration for which the note was executed, had failed. Second: That through mistake of all the parties, the executors sold and delivered to defendant, Owen, real estate to which McDaniel’s estate had no title, and therefore the consideration had failed. In answer to the first objection, the defendants say that although the proceedings under which the sale took place, may not have been regular, yet, as the order was made, and the authority to sell conferred by a court of competent jurisdiction over the subject matter, they are not void, but are, in fact, sufficient to sustain a sale, and pass a title to the purchaser under it. And as to the second ground, that, admitting it to be true that the mistake did exist as stated, and that, in ordinary cases, the contract should, for this reason, be -set aside; still, under the peculiar circumstances of this case, the rule does not apply. So far as the first question is concerned, we think the facts bring it within the rule laid down by this court in the case of Borden et al. v. State, use, &c., 6 Eng. 519; and upon the authority of which, we must hold the proceedings though informal, not absolutely void; and upon a mere question of authority to sell, that the sale should not be set aside. The second ground is one of much difficulty, and must depend upon the peculiar circumstances of the case: which we will proceed to examine. Bennett, Morrill & Co. obtained judgment against McDaniel for the sum of $762 06, with interest and costs of suit, which, by the statute, was a lien on the real estate of McDaniel at the time of his death, who died leaving the judgment unsatisfied: that a transcript of this judgment was filed in the Probate Court, and allowed against said estate, and held priority over other debts. To satisfy this, and other debts, the Probate Court ordered the lands of said estate to be sold, and caused the same to be valued under the statute requiring real estate thus sold to bring twoj thirds of its appraised value. Owen, the complainant, wished to purchase the property, provided he could have further time for payment than the executors were authorized to give: whereupon, and as a matter of accommodation to Owen, it was agreed between himself, Bennett, Morrill & Co., through their attorney, Watkins, and the executors, that Owen should bid off the lots at two-thirds of their appraised value, and execute his note to the executors in accordance with the terms of the sale advertised by them; which note the executors agreed to assign over to Bennett, Morrill & Go., in payment of that amount on their judgment, and that Watkins should receipt to them, as such attorney, for that amount, as so much money paid on the judgment; and give to Owen a written assurance of further time for payment on said note than that expressed upon its face. And the purchase by Owen, the assignment by the executors, the receipt and assurance of further time by Watkins, were all duly made in confoi’mity with said agreement, and Owen put into possession of the property. It is moreover shown that, at the time Owen bought, there was a reservation made of part of one of the lots, but a mistake as to the locality of that part: and that part of one of the lots, which Owen supposed he was buying, was in fact held by a superior adverse claim to McDaniel’s, at the time, and that another part, which he supposed did not belong to McDaniel, was embraced in his purchase, whereby the value of the'property which he actually intended to buy, was materially affected. Owen retained undisturbed possession of the property he intended to purchase. Judgment at law in favor of Bennett, Mor-rill, & Co., was rendered against him on the note so executed and assigned. And he has filed this bill to rescind the contract, and perpetually enjoin the collection of the judgment at law. As between the executors and Owen, there is certainly strong-ground for the equitable interposition of the chancellor. But even then a question might arise as to how far executors warrant the title of their testators to the property sold, or whether the rule caveat emptor does not apply. Be this as it may, the situation of the assignee ordinarily would be no better than that of the assignor. But Bennett, Morrill & Co., do not defend as ordinary assignees; they rest the equity of their defence upon the peculiar circumstances of the case. It cannot be doubted that, ordinarily, in a case like the present, where the deed has not yet been made, where the contract is exe-cutory, not executed, that the purchaser has aright to withhold the payment of the purchase money until doubts upon the title or the power to sell are removed: and we will not be understood as by any means controverting the correctness of the numerous author-ties cited to this point. The cases of Lowry & Puckett v. McDonald & Rogers and Crisman v. Beasly, ad., reported in 1 Sm. & Mar. Ch. Rep., and particularly in the first named case, page 620, the court reviews the subject with much clearness, and whilst it holds that an administrator who has no power to sell, and acts without any authority to sell, may be restrained from collecting the purchase money for the property sold, it is expressly held that there is no warranty of the quality or quantity of the property sold. In that case, the administrators sold without any order of court whatever. In the case before us, the sale was made upon the petition, order, notice and valuation, substantially in compliance with the statute. The sale was not made under the authority of the will, nor can it be said that the authority to sell was dependent upon its validity, or the grant of letters to execute it. The will did not order the sale of the lots, or if it had, it cannot be successfully assumed that it was such a will as could confer such power. The order of sale was made upon petition to the court for that purpose, under the provisions of the statute from the 155th to the 162d sec. Digest ch. 4; and those provisions, if not technically, have been substantially, complied with. In the case under consideration, then, the whole question turns upon the circumstances under which Bennett, Morrill & Co., acquired title to the note sued upon. Owen, in effect, said to them, if you will buy this note, and give me time on it, I will pay it to you; and they did buy the note, and gave up their lien on the property, credited their judgment by the amount of it, and gave the further time, whereby they have lost their recourse against the estate for that amount. But it is said that they can take their course still against these lands. Grant it; and from the state of facts (apart from any defect in title or power to sell,) it is evident that, perhaps by the abandonment of the property and the neglect of Owen, the improvements which constituted its chief value, have been destroyed by fire and the property thereby rendered far less valuable than when it was sold, or would now be worth but for the waste occasioned by the abandonment of Owen. As between Owen and Bennett, Morrill, & Co., the transaction stands fair. The purchase of the note was made at the instance of Owen, and under a contract that he would pay it if they would agree to prolong the time of payment. This they covenanted to do, and did. Shall this contract also be rescinded? If so, upon what ground? There is no pretence that Bennett, Morrill & Co. can be restored to the situation they occupied when they contracted with Owen; and unless they should be found in fault, it is rarely indeed, if ever, the case that the chancellor will rescind the contract. Owen, should have looked better into the responsibilities which he assumed in his purchase of the property, and in his subsequent contract with Bennett, Morrill &Co., before he entered into them. Under the state of case presented, he may be put to inconvenience and expense in getting a title to the property which he bought; and should it now be of less value, he has in all probability produced that result by his neglect. But be this as it is may, there is certainly no ground for withholding from Bennet, Morrill & Co. the benefit of their judgment at law. Let the decree of the Circuit Court be z’eversed; the injunction dissolved, and the complainant’s bill dismissed with costs.