WILLIAMS *v.* BROWN

5-3935

403 S. W. 2d 89

Opinion delivered May 30, 1966

*Gean, Gean & Gean,* for appellant.

*Owen C. Pearce* and *Donald P. Callaway,* for appellee.

GEORGE ROSE SMITH, Justice. On March 31, 1964, the appellees, Willard and Mattie Brown, sold a chicken farm to the appellants, Ernest and Flora Williams, who assumed an existing mortgage and gave a second mortgage to secure the rest of the unpaid purchase price. In this suit to foreclose the second mortgage the purchasers

sought rescission on the ground that Brown induced them to buy the property by falsely representing that his income from it had been about $10,000 a year. See *Kotz v. Rush,* 218 Ark. 692, 238 S. W. 2d 634 (1951). The only question here is whether the chancellor was right in finding that the purchasers failed to prove their defense by a preponderance of the evidence.

Williams, the buyer, was the principal defense witness. On direct examination he testified that Brown said that his income from raising chickens and livestock had been $10,000 a year, but on cross examination he admitted that perhaps Brown had merely said that it was a $10,000-income farm. It appears that the sellers' real estate agent advertised the place as having an income of $9,500 a year. During the eighteen months between the sale and the trial of the case Williams raised chickens but very few cattle on the property. His income would have been about $5,200 a year if he had not been handicapped by suffering a broken leg.

Brown testified, and the chancellor was justified in finding, that he merely stated that the property would produce $10,000 annually if handled properly. Both Brown and the real estate agent testified in substance that the farm was capable of producing an income of from $10,000 to $12,000. We need not detail the calculations by which they arrived at these figures. Moreover, in the course of the negotiations Brown introduced Williams to the secretary of the company for which both Brown and Williams contracted to raise chickens. This man explained the contracts to Williams and doubtless would have supplied information, if it had been requested, about the amounts that his company had paid to Brown in the past.

Our study of the record convinces us that the weight of the evidence actually supports the decree instead of its being the other way around.

Affirmed.

BLAND, J., disqualified.