Sandra VANDIVER *v.* Ronald W. BANKS

97-272 962 S.W.2d 349

Supreme Court of Arkansas
Opinion delivered February 12, 1998*

---

\* *Reporter's note*: *See* 332 Ark. 372, 962 S.W.2d 349 (1998).

*Clearly Law Firm, P.A.,* by: *Robert M. Clearly, Jr.,* for appellant.

*Gruber Law Firm,* by: *Wayne A. Gruber,* for appellee.

Tom Glaze, Justice. This case arises from appellant Sandra S. Vandiver's and appellee Ronald W. Banks's divorce granted in California on May 27, 1982. Banks was a member of the U. S. Air Force and possessed a fully vested, nondisability military retirement pension. The California court approved the parties' marital settlement agreement, which permitted that court to reserve jurisdiction over Banks's Air Force retirement benefits; it subsequently incorporated the parties' agreement into their divorce decree. Vandiver later moved to Missouri, and Banks to Lonoke County, Arkansas.

In 1990, Vandiver filed suit against Banks in Lonoke County Chancery Court, seeking to enforce her community property rights to pension benefits under the 1982 California divorce, but the chancellor, applying Arkansas law, dismissed Vandiver's lawsuit. On appeal, the court of appeals, on April 8, 1992, issued an unpublished opinion, holding that the chancellor erred in failing to apply California law. The court of appeals held California law applied because the parties' agreement was made in California and all significant events concerning the agreement had occurred in that state.

On remand, Vandiver amended her complaint to seek partition of the military pension. Banks filed another dismissal motion

which the chancery court, again, granted. In dismissing, the chancery court found the following:

(1) A final adjudication on the issue of military benefits had been made and decided in the 1982 California divorce proceeding;

(2) the California court took judicial action regarding the benefits by striking through the language in its order which would have reserved jurisdiction on the subject;

(3) *res judicata* and collateral estoppel barred any further claim for pension benefits; and

(4) California law, Civil Code § 5124, a statute of limitations, barred any adjudicated claim for such benefits, if sought after January 1, 1986.

Vandiver appealed a second time, and on October 13, 1992, the court of appeals, in another unpublished opinion, reversed, disagreeing with all the chancellor's findings. The court of appeals reached and decided the following issues:

(1) California law applies to the case, and the trial court erred in holding it lacked jurisdiction to entertain a common–law partition action. It held that California law permitted Vandiver to file a partition action to enforce her right to military retirement pension benefits.

(2) In applying California law, citing *Berry v. Berry*, 265 Cal. Rptr. 338 (Cal. App. 4 Dist. 1989), and *Henn v. Henn*, 605 P.2d 10 (Cal. 1980), Vandiver is not barred from a division of pension rights where the parties' divorce decree failed to reflect an earlier adjudication of those rights. Specifically, the appellate court held *res judicata* and collateral estoppel did not bar Vandiver's claim for benefits.

(3) The trial court erred in finding that the California court had made other provisions in the California decree in lieu of pension benefits since the California court struck through the decree provision which read, "The court reserves jurisdiction on the issue of the disposition of [Banks's] retirement benefits from the United States Air Force." The court of appeals held the Califor-

nia court's deletion of this language meant only that the matters it dealt with were omitted and were not an adjudication of retirement benefits.

(4) The trial court erred in applying § 5124 of California's Civil Code, which barred a spouse from filing suit for a division of retirement benefits after January 1, 1986. The appellate court held that § 5124 applied only to spouses whose final decree had previously adjudicated military benefits to be the separate property of the military retiree. Here, as noted above, the appellate court held that Banks's benefits had not been adjudicated and that no statute of limitations barred Vandiver's action.[1]

After the court of appeals' second reversal and remand of this case, Vandiver voluntarily nonsuited her claim, but timely refiled it on August 26, 1994, and alleged the same claims set out in her original complaint. Vandiver's complaint stated that, as a tenant in common, she had a property interest in Banks's retirement pension under California law and is entitled to partition of the pension. Banks answered, raising the following defenses:

(1) The trial court had no jurisdiction of Vandiver's partition suit.

(2) Banks disagreed with the meaning that the court of appeals gave to the California court's striking of language in the parties' divorce decree, providing the California court reserved jurisdiction on the issue of Banks's retirement benefits.

(3) Banks asserted laches and estoppel, arguing twelve years had passed before Vandiver filed her claim.

(4) Banks alleged that he was entitled to a setoff because he had paid monies and conveyed property to Vandiver in excess of his obligation under the California decree.

---

[1] After the Court in *McCarty v. McCarty*, 453 U.S. 210 (1981), held that the states could not treat pensions as community property, Congress enacted the Federal Uniformed Services Former Spouses' Protection Act which allowed states to treat military pensions as community property, and the Act was given retroactive effect. *See* 10 U.S.C. § 1408 *et seq.* California then enacted § 5124 which permitted spouses until January 1, 1986, an opportunity to modify their prior decrees when their claim for military benefits had been adjudicated and denied.

Banks further counterclaimed against Vandiver, setting out spousal payments for support, moving costs, and life insurance. These payments, he alleged, were made in return for Vandiver's promise not to pursue a community property interest in Banks's military benefits. He claims the total payments amount to $20,118.53. Banks's present wife, Bette, intervened in the lawsuit, asserting a property interest in her husband's retirement pay since she had been married to him for nearly thirteen years.

After a trial touching all the issues, the trial court dismissed Vandiver's action a third time.[2] On appeal, Vandiver asserts the trial court erred. Specifically, she maintains that, if the trial court had complied with the court of appeals' earlier rulings as the law of the case, it would have been compelled to award Vandiver her community property share of Banks's retirement benefits. We agree.

This court, in *Griffin v. First Nat'l Bank*, 318 Ark. 848, 888 S.W.2d 306 (1994), adhered to the doctrine of law of the case, quoting the doctrine from *Mercantile First National Bank v. Lee*, 31 Ark. App. 169, 173, 790 S.W.2d 916, 919 (1990), as follows: "On second appeal, as in this case, the decision of the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented." *See also Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989). The doctrine of the law of the case, stated in other terms, prevents an issue raised in a prior appeal from being raised in a subsequent

---

[2] The trial court never mentioned Bette Banks's intervening claim in its order, but since she requested dismissal of Vandiver's complaint, her request was satisfied when the trial court's order granted Mr. Banks's dismissal motion. In addition, we note that Bette Banks had an inchoate interest in any military benefits, since she is still married to Mr. Banks, and, too, any interest she might have would not involve and would be separate from the marital and community property interest belonging to Vandiver. *See Mickle v. Mickle*, 253 Ark. 663, 488 S.W.2d 45 (1972) (the court held the title to personal and real property remains vested in the husband until it is divested by a decree of the court designating the specific property to which wife is entitled). Lastly, the court's order never mentioned Banks's counterclaim, but that relief was made moot when the trial court dismissed Vandiver's partition action.

appeal unless the evidence materially varies between the two appeals. *Fairchild v. Norris*, 317 Ark. 166, 876 S.W.2d 588 (1994).

■ Here, as can be seen by reading the mandates of the court of appeals as set out herein, the parties' case now before us is essentially the same as the ones previously heard by the chancellor and decided by the court of appeals. To summarize, the court of appeals directed the chancellor (1) to apply California law; (2) to read the stricken portion of the California divorce decree as merely having been omitted and not having adjudicated pension benefits, (3) to assert its jurisdiction over the subject matter and the parties themselves, and (4) not to bar Vandiver's partition claim by virtue of limitations (§ 5124), *res judicata*, or collateral estoppel. Because these issues were heard earlier by the chancellor and decided twice by the court of appeals, Banks is now barred from having them reconsidered in this review.

■ We are cognizant of Banks's argument that the law of the case is inapplicable here, because (1) Vandiver nonsuited on remand at one stage of litigation, and (2) the court of appeals' mandates were set out in unpublished opinions. However, he cites no legal authority to support his argument. If we accepted Banks's nonsuit argument, any plaintiff losing an appeal could avoid an appellate court's mandate in a case merely by voluntarily dismissing suit upon remand. Also, Banks's suggestion that the court of appeals' unpublished opinions should not be binding is contrary to the law in these circumstances, since Rule 5-2(d) of the Rules of the Supreme Court clearly provides such opinions may be cited or referred to where an issue such as *res judicata*, collateral estoppel, or law of the case is involved. Banks further submits that, because this court is superior to the court of appeals, it need not be bound by the law of the case doctrine. Although this court, on a petition for review, would not be bound by a court of appeals' decision, that is not the situation here. In this case, we are reviewing the correctness of the trial court's rulings *on remand* after the decisions rendered by the court of appeals. Thus, Banks's argument concerning appellate superiority is inapposite of the matter at hand.

 Vandiver further argues that it was error for the chancellor to admit parol evidence to determine whether the California court reserved jurisdiction to determine the right to the pension. Again, we agree. As Vandiver highlighted in her brief, whether jurisdiction was expressly reserved is irrelevant. One, the court of appeals had held in its second opinion that the chancellor had erred in determining he lacked jurisdiction to entertain a common-law partition action. For the same reasons as expressed previously, the court of appeals decision as to jurisdiction was law of the case and the chancellor was obliged to follow its mandate. Two, Vandiver was not seeking to modify the California Divorce Decree as Banks alleged. Rather, Vandiver was simply asserting her partition action, which is clearly permissible under California law. *Berry v. Berry*, 265 Cal. Rptr. 338 (Cal. App. 4 Dist. 1989). Hence, Vandiver's partition action had nothing to do with the law of contracts, to which the parol evidence rule is related, and the admittance of such evidence was error. *See BMW of North America, Inc. v. New Motor Vehicle Board*, 209 Cal. Rptr. 50 (Cal. App. 3 Dist. 1985) (providing, [u]nder California law, the parol evidence rule is a fundamental rule of contract law which operates to bar extrinsic evidence contradicting the terms of a written contract; it is not merely a rule of evidence but is substantive in scope).

 Although Banks requested a dismissal, he pled alternatively the affirmative defense of setoff, and filed a counterclaim, seeking the amount of $20,118.53. This sum, according to Banks, consists of payments he made above and beyond those mandated by the divorce decree, including moving expenses, increases in spousal support, life insurance premiums, and an increase in life insurance premiums on his policy under which Vandiver is the sole beneficiary. In *Boswell v. Gillette*, 226 Ark. 935, 940, 295 S.W.2d 758 (1956), we applied the common-law, voluntary-payment rule and noted, "When one pays money on demand that is not legally enforceable, the payment is deemed voluntary." *TB of Blytheville, Inc. v. Little Rock Sign & Emblem, Inc.*, 328 Ark. 688, 946 S.W.2d 930 (1997). Absent fraud, duress, mistake of fact, coercion, or extortion, voluntary payments cannot be recovered. *Id.* Banks has made no such showing. We hold, therefore, that

the payments in question as to both the defense of setoff and the counterclaim were voluntary, and, as such, are not recoverable.

■ Finally, although the court of appeals' opinions made no specific references to Banks's defenses involving laches and equitable estoppel, these are matters that Banks could have raised in the earlier two appeals but did not. *Cf.* Rule 8(c) of the Rules of Civil Procedure. Consequently, these claims, too, are barred by the law of the case.

■ For the reasons above, we reverse the trial court, and remand the case, directing the chancellor to partition Banks's pension and to award Vandiver her community property share. Because California law has been held to apply in this case, Vandiver's award should be computed by dividing the total number of months Banks was in the military while married to Vandiver by the total number of months Banks was in the military service; the quotient is then divided by two, and the result is the percentage of the pension that Vandiver is entitled to receive. Applying the figures submitted, the resulting percentage is 37.28%. Clearly, under California law, Vandiver is entitled to a percentage of the gross pension payments Banks has received since the filing of her partition action in 1990. *See Casas v. Thompson*, 228 Cal. Rptr. 33 (Cal. 1986). Concerning Vandiver's entitlement to benefits due her before the filing of her action, we remand with directions for the trial court to consider any facts relevant to the fairness of such payments as discussed by the California Supreme Court in *Casas* at pages 46 and 47.

Reversed and remanded.