C. W. RICHARDSON, Individually; Greg Richardson,
Individually; and CWR Construction, Inc. *v.*
Carl and Norlene RODGERS

97-1476                                     976 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered October 29, 1998

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy Murphy*, for appellants.

*Grayson, Holleman & Grayson, P.A.*, by: *John T. Holleman IV*, and *Boswell, Tucker & Brewster*, by: *Ted Boswell*, for appellees.

TOM GLAZE, Justice. This is the second appeal in this case, which concerns the entry of a default judgment against C.W. Richardson, individually, Greg Richardson, individually, and CWR Construction, Inc. (collectively referred to as "Richardson"). Previously, this Court dismissed Richardson's appeal for failure to comply with Ark. R. Civ. P. 54(b). *Richardson v. Rodgers*, 329 Ark. 402, 947 S.W.2d 778 (1997). In that appeal, the record failed to disclose the disposition of American States Insurance Company's complaint in intervention. *Id.* Following our decision, the trial court dismissed American without prejudice. Thus, because the rights of all parties have now been adjudicated, and the deficiency as to Rule 54(b) cured, we have jurisdiction to entertain Richardson's appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (1998). A brief recitation of the facts is necessary before examining the merits of Richardson's appeal.

On November 9, 1995, Carl and Norlene Rodgers filed a complaint against Richardson and Central Arkansas Risk Management ("CARM") alleging negligence. The complaint provided that in May 1994, Carl was seriously injured by a falling water pipe while working on renovating the Pulaski County Courthouse. At the time, Carl was employed by IK Electric Service Co., a subcontractor on the project. Richardson was the general contractor. Norlene requested $1,000,000 in damages for loss of consortium, and Carl prayed for compensatory damages in the amount of $4,000,000. Paragraph 16 of the complaint asserted that "the conduct of the Defendants, . . . was willful, wanton, reckless, and done with conscious indifference . . . thereby entitling Plaintiffs to punitive damages." Carl asked for $4,000,000 and Norlene for $1,000,000 in punitive damages.

CARM filed a timely answer to the Rodgerses' complaint. In addition to denying that it was the insurer for Pulaski County, CARM denied the existence of the alleged facts surrounding Carl's injury. CARM further stated that neither Richardson nor the County was negligent. It also denied that Carl and Norlene were injured or that they were entitled to compensatory or punitive damages. The last paragraph of CARM's answer provided that "each and every material allegation of the Complaint not specifically admitted herein" was denied. Co-defendant Richardson, however, failed to answer the Rodgerses' complaint.

On December 13, 1995, the Rodgerses filed an affidavit with the trial court for a default judgment against Richardson on the basis that Richardson had failed to file an answer or to otherwise respond to the complaint. Two days later, the Rodgerses voluntarily nonsuited the claim against CARM. The trial court conducted a hearing on the default judgment motion, on the issue of damages only, and awarded Carl $1,450,000, and Norlene $50,000 against Richardson.

Richardson moved to set aside the default judgment, arguing that because CARM's answer denied every allegation of negligence, its answer should inure to Richardson's benefit. Citing to Ark. R. Civ. P. 55(c)(4), Richardson contended that CARM's answer provided "any other reason justifying relief from the operation of judgment." Richardson additionally argued it had a meritorious defense to the Rodgerses' claim because it was. not negligent, and also because it was entitled to the protection of the exclusivity clause in the Workers' Compensation Code. See Ark. Code Ann. § 11-9-105(a) (Repl. 1996). Without a hearing on the matter, the trial court denied Richardson's motion, finding that "[n]o justifiable excuse for the failure to file a timely answer was presented." The trial court further found that Richardson had failed to demonstrate a meritorious defense.

As described above, Richardson appealed the denial of its motion to set aside the default judgment to this Court, and based on Ark. R. Civ. P. 54(b), we dismissed its appeal, leaving Richardson free to return to the trial court. Richardson did so and filed a motion for the trial court to reconsider its earlier denial of

Richardson's motion to set aside the default judgment awarded Carl and Norlene Rodgers. Richardson argued that the trial court's prior order refusing to set aside the Rodgerses' default judgment was not a final judgment when it was entered. Richardson further argued that the trial court's earlier order was inconsistent with Arkansas law. Richardson also submitted that the Rodgerses' prior nonsuit of CARM's claim from their lawsuit did not affect the application of the common defense doctrine, and therefore, CARM's answer inured to Richardson's benefit. Richardson asserted the Rodgerses wrongly relied on Rule 55(c)(1), which requires mistake, inadvertence, surprise, or excusable neglect to set aside a default judgment.

The Rodgerses responded that Richardson's motion was precluded by the doctrine of the law of the case, and that Richardson could and should have raised its arguments in the first appeal to this court. The Rodgerses claim Richardson failed to incorporate those arguments in its first appeal, so it was barred from doing so when the case was dismissed and refiled in the trial court. Richardson responded that its arguments were the same ones it presented in its first appeal and brief filed with our court. The trial court again agreed with the Rodgerses, and denied Richardson's motion to reconsider. Richardson, once more, appeals the trial court's entry of the default judgment awarded the Rodgerses.

Richardson essentially presents one argument for reversal — the trial court improperly applied Arkansas law when it refused to set aside the default judgment entered in this case. In support of its contention, Richardson submits the trial court incorrectly interpreted and applied Ark. R. Civ. P. 55(c). Also, says Richardson, by misapplying Rule 55(c), the trial court erred further by requiring Richardson to present a "meritorious defense." Because we agree with Richardson that Rule 55(c) is inapplicable in cases where the common defense doctrine is invoked, we hold that the trial court erred when it entered a default judgment in the Rodgerses' behalf.

We first consider the Rodgerses' argument that the law of the case precludes arguments now made by Richardson.

Recently in *Vandiver v. Banks*, 331 Ark. 386, 962 S.W.2d 349 (1998), we explained the doctrine of the law of the case as follows:

> On second appeal, as in this case, the decision of the first appeal becomes law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not presented. [citation omitted]. The doctrine of the law of the case, stated in other terms, prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless the evidence materially varies between the two appeals. [citation omitted].

331 Ark. at 392-93; 962 S.W.2d at 351-52. Similarly, in *McDonald's Corp. v. Hawkins*, 319 Ark. 1, 888 S.W.2d 649 (1994), Chief Justice Holt wrote, "An argument that could have been raised in the first appeal and is not made until a subsequent appeal is barred by the law of the case." *See also Willis v. Estate of Adams*, 304 Ark. 35, 799 S.W.2d 800 (1990); *and Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989). The Rodgerses contend that the doctrine applies, because after we dismissed the Richardson's appeal the first time, Richardson presented new arguments to the trial court in its motion to reconsider the refusal to set aside the default judgment. The Rodgerses suggest those new arguments either were or could have been raised in the first appeal.

■ The Rodgerses' reliance on the doctrine is misplaced because the doctrine only applies to a second appeal where there has been a "decision" in the first appeal. *See Vandiver v. Banks, supra.* Since the original appeal in this matter was dismissed for jurisdictional reasons under Ark. R. Civ. P. 54(b), this court never addressed the merits of Richardson's first appeal and made no "decision" as to the outcome of the case.

■ ■ Turning to the merits of the instant appeal, this court is called on to decide whether Ark. R. Civ. P. 55(c) and its requirements control in cases where the common defense doctrine is applicable. In 1990, Rule 55 was substantially revised, so that more cases would be decided on the merits instead of upon the technicalities that often lead to default judgment. *Southern Transit Co. v. Collums*, 333 Ark. 170, 174, 966 S.W.2d 906 (1998). One of the changes was to make the grant of default judgment under Rule 55(a) discretionary rather than mandatory. *Id.* Most

recently, in *Southern Transit*, we set forth the requirements a defendant must satisfy in order to set a default judgment aside: (1) the defendant must show one of the four enumerated categories of reasons in Rule 55(c) to have the judgment set aside; and (2) if the reason is any other than that the judgment is void, a defaulting defendant must then demonstrate a meritorious defense to the action. 333 Ark. at 174-75; 966 S.W.2d at 907-08. Richardson contends it fulfilled the two-prong test of Rule 55(c) by satisfying 55(c)(4) and by showing that, in common-defense cases, a meritorious defense need not be proven, or alternatively, if a defense is required, that it comes within the Workers' Compensation Employer Immunity Provision in Ark. Code Ann. § 11-9-105(a) (Repl. 1996). What neither party recognizes, though, is that there is a difference between a trial court's decision to enter a default judgment and its refusal to set one aside. Rule 55(c) contemplates a circumstance where a default judgment has been entered properly. Rule 55(c) does not govern when the trial court improperly enters a default judgment by failing to recognize clear authority in an area. In this case, the area of clear authority is that of the common defense doctrine.

It has been settled in this State for almost a century and a half that the answer of one co-defendant inures to the benefit of the other co-defendants. *See Aldridge v. Watling Ladder Co.*, 275 Ark. 225, 628 S.W.2d 322 (1982)(citing *Allied Chemical Corp. v. Van Buren School Dist. No. 42*, 264 Ark. 810, 575 S.W.2d 445 (1979); and *Bruton et al v. Gregory*, 8 Ark. 177 (1847)). The test for determining if an answer will inure to a co-defendant's benefit is whether the answer of the non-defaulting defendant states a defense that is common to both defendants, because then "a successful plea . . . operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 561 S.W.2d 281 (1978); *see also Arnold Fireworks Display v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991).

Here, the Rodgerses' complaint alleged that Richardson and its employees, and the agents of Pulaski County were negligent, and that their negligence was the cause of Carl's injuries.

While the complaint did set out the allegations of negligence against Richardson in a separate paragraph from the allegations of negligence directed toward the County, CARM's answer denied every paragraph of the complaint. Also, in paragraph 18 of its answer, CARM made a general denial stating, "[CARM] denies, generally and specifically, each and every material allegation of the Complaint not specifically admitted herein." Clearly, CARM's answer denied not only the existence of the Rodgerses' cause of action, but also asserted a defense common to both Richardson and CARM.

■ Next, we turn to Ark. R. Civ. P. 55(a), which reads as follows:

> (a) *When Entitled.* When a party against whom a judgment for affirmative relief is sought *has failed to appear or otherwise defend as provided by these rules*, judgment by default may be entered by the court.

(Emphasis added.) In this case, Richardson did appear and defend by virtue of CARM's timely answer, which inured to Richardson's benefit under the common-defense doctrine. As just explained, CARM's defense is substituted for Richardson's failure to file a separate timely answer. Although the Rodgerses' argue passionately some eleven cases where this court repeatedly upheld the trial court's discretion where a default judgment was granted, we merely note that ten of those decisions invoked Rule 55(c) where excusable neglect was argued. As just discussed, we conclude here that Rule 55(c) and the requirement of excusable neglect are not invoked or applicable. One case the Rodgerses' cite, *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991), mentions the common-defense doctrine where a default judgment was entered, but that was a situation where we held the doctrine did not apply. In conclusion, none of these cases offered by the Rodgerses are applicable to the facts here.

■ For the above reasons, we hold it was error for the trial court to enter a default judgment against Richardson and further error to refuse to set it aside upon Richardson's motion.

The judgment is reversed and the cause remanded.

IMBER, J., not participating.