Jack H. GUNTER and Priscilla Gunter *v.*
LIBERTY BANK of Arkansas and Roger Wilkinson

CA 04-1344                                                211 S.W.3d 579

Court of Appeals of Arkansas
Opinion delivered August 31, 2005

*Lyons, Emerson & Cone, P.L.C.*, by: *Scott Emerson*, for appellant Priscilla Gunter.

*Collier & Jennings*, by: *Larry R. Jennings*, for appellee Liberty Bank of Arkansas.

*Daggett, Donovan, Perry & Flowers, P.L.L.C.*, by: *Robert J. Donovan*, for appellee Roger Wilkinson.

JOHN MAUZY PITTMAN, Chief Judge. Jack and Priscilla Gunter[1] were among several defendants to a foreclosure suit filed by the appellee bank's predecessor. Other defendants filed timely answers but the Gunters failed to do so and instead filed their answer after the expiration of the time allowed. Priscilla Gunter now appeals from an adverse judgment entered after the trial court granted a motion to strike as untimely those portions of their answer that were not common to those raised by the other defendants who had filed timely answers, arguing that the trial court erred in failing to correctly apply the common-defense doctrine. We affirm.

Midsouth Bank (the predecessor of appellee Liberty Bank) filed a complaint naming numerous defendants, including Gunter Elevator, Inc., Jack and Priscilla Gunter, and Wilkinson Farms. In its complaint the bank sought foreclosure of a mortgage given by Gunter Elevator, Inc., and Jay Gunter to secure payment of a note.

---

[1] Jack Gunter is now deceased.

The bank alleged that the note was in default, that demand had been made, and that the note had not been paid. Noting that Jack and Priscilla Gunter might claim some interest in the property by virtue of a mortgage executed to them by Gunter Elevator, Inc., on April 4, 2000, the bank stated that its mortgage lien should be declared a first mortgage lien on the lands described in the mortgage, and that any lien of Jack and Priscilla Gunter was inferior and subordinate to its own mortgage. Similarly, the bank noted the existence of a judgment against Gunter Elevator, Inc., filed September 24, 2001, in favor of Wilkinson Farms and related individuals, and asserted that this judgment lien was inferior and subordinate to its mortgage.

Wilkinson Farms filed a timely answer, denying most of the allegations in the complaint for lack of knowledge, but asserting that a writ of execution on its judgment lien had been issued, and that its judgment lien was a first lien on the rent proceeds of the property. Jack and Priscilla Gunter filed an admittedly untimely answer in which they argued that, pursuant to the "common defense doctrine," they should be allowed to argue that Midsouth's mortgage and Wilkinson Farm's judgment lien were inferior to their own mortgage. The trial court disagreed. Although it did not strike the answer in its entirety and ruled that the Gunters could raise any defenses they had in common with the other defendants who filed a timely answer, it did not permit them to argue the superiority of their own lien. This appeal followed.

■ Arkansas recognizes the "common-defense doctrine." This principle first appears in Arkansas law in *Bruton v. Gregory*, 8 Ark. 177 (1847), where Chief Justice Johnson wrote that:

> It is perfectly manifest that the interlocutory judgment, which is authorized to be taken against such as make default, is required to stand and to abide the result of any defense to the merits, that those, who appear in the action, may see fit to interpose. If two are sued jointly, one of whom makes default, and the other appears and interposes a successful defense to the action, there can be no doubt but that the plea of the one appearing, will enure to the benefit of the other, and that he will also be entitled to his discharge, notwithstanding the interlocutory judgment by default.

*Id.* at 180. In modern practice, the test for determining if an answer will inure to a co-defendant's benefit is whether the answer of the non-defaulting defendant states a defense that is common to both

defendants, because then "a successful plea . . . operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it." *Richardson v. Rodgers*, 334 Ark. 606, 612, 976 S.W.2d 941, 944-45 (1998) (quoting *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 694, 561 S.W.2d 280, 280-81 (1978)).

■ Under this test, Wilkinson Farms' answer does not inure to appellant's benefit because, unlike the defense offered by the co-defendant in *Southland Mobile Home Corp. v. Winders, supra*, it did not go to the existence of appellee's cause of action nor assert a defense common to both defendants. The cause of action in this case was foreclosure of a mortgage based on a default on a debt secured by that mortgage. Wilkinson Farms offered no defense that would preclude foreclosure in this case, such as inequitable conduct (*Tucker v. Pulaski Federal Savings & Loan*, 252 Ark. 849, 481 S.W.2d 725 (1972)), statute of limitations (*Davidson v. Hartsfield*, 250 Ark. 1072, 468 S.W.2d 774 (1971)), misrepresentation (*Williams v. Brown*, 240 Ark. 974, 403 S.W.2d 89 (1966)), or payment (*Houston v. Carson*, 219 Ark. 665, 244 S.W.2d 151 (1951)). Furthermore, Wilkinson Farms disputed the priority of appellee's mortgage on the grounds that its own judgment lien was superior. Quite clearly, this defense was not common to both Wilkinson Farms and appellant. Finally, to the extent that Wilkinson Farms denied the paragraph of the complaint asserting the superiority of appellee's mortgage to that of appellant, it did so in general terms on the basis of lack of knowledge. A general denial covers defenses which go to destroy the plaintiff's cause of action, but not those defenses which are grounded on new matters or matters in avoidance, or other defenses. These must be specially pleaded. *Chiles v. Mann & Mann*, 240 Ark. 527, 400 S.W.2d 667 (1966). Here, appellant's claim of the priority of her own lien is a new matter in the nature of a plea in avoidance, operating not as a discharge to all the defendants but instead to the personal discharge of the appellant, and we cannot say that the trial judge erred in refusing to allow this matter to be raised for the first time in her untimely answer.

Affirmed.

ROBBINS and VAUGHT, JJ., agree.