R.K. ENTERPRISES, LLC, d/b/a Nationwide Nurses, a Nevada Limited Liability Company, Katherine Hefley, Mary Burks, Traca Lane, and Raymond Hefley *v.* PRO-COMP MANAGEMENT, INC., d/b/a The Right Solutions, an Arkansas Corporation, The D.L.J. Wright Industries, Inc., d/b/a The Right Solutions, an Oklahoma Corporation, and Amedistaf, LLC, d/b/a the Right Solutions, a Delaware Limited Liability Company

07-671                                                272 S.W.3d 85

Supreme Court of Arkansas
Opinion delivered January 24, 2008

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Hermann Ivester*, for appellants.

*Gilker & Jones, A Professional Association*, by: *Paul Alvin Gilker*, for appellees.

Robert L. Brown, Justice. R.K. Enterprises, LLC, d/b/a Nationwide Nurses, a Nevada Limited Liability Company, and Katherine Hefley, Mary Burks, Traca Lane, and Raymond Hefley, all individuals (collectively referred to as Nationwide), appeal from an order of the circuit court awarding a judgment in the amount of $262,303 under the theory of unjust enrichment to Pro-Comp Management, Inc., d/b/a The Right Solutions, an Arkansas corporation, The D.L.J. Wright Industries, Inc., d/b/a The Right Solutions, an Oklahoma corporation, and Amedistaf, LLC, d/b/a The Right Solutions, a Delaware Limited Liability Company (collectively referred to as TRS). We affirm the judgment.

This is the third appeal in this case, *see R.K. Enterprises, LLC v. Pro-Comp Management, Inc.*, 356 Ark. 565, 158 S.W.3d 685 (2004) (*R.K. I*) and *Pro-Comp Management, Inc. v. R.K. Enterprises, LLC*, 366 Ark. 463, 237 S.W.3d 20 (2006) (*R.K. II*), and the underlying facts in this case were dictated at length by this court in *R.K. I*. Suffice it to say that TRS was in the business of providing nursing care services to medical care facilities, and the lawsuit involved the theft of trade secrets by Nationwide from TRS involving those services.

The procedural facts relevant to this appeal are as follows. Upon discovery that Nationwide had misappropriated various trade secrets from TRS, TRS filed a complaint against Nationwide alleging, among other things, conversion, civil conspiracy, and a violation of the Arkansas Theft of Trade Secrets Act. Following a bench trial, the circuit court entered an order on January 21, 2003, in which it found Nationwide liable for conversion, civil conspiracy, and misappropriating trade secrets in violation of the Trade Secrets Act, codified at Ark. Code Ann. §§ 4-75-601 – 4-75-607 (Repl. 2001). The circuit court then allowed TRS to elect to either seek damages under the Trade Secrets Act or on the basis of the tort claims of conversion and civil conspiracy. TRS chose recovery under the tort claims, and the circuit court awarded TRS judgment in the amount of $262,312. Nationwide appealed, and in R.K. I, this court held that the Trade Secrets Act preempted damages based on the tort claims of conversion and civil conspiracy and reversed and remanded the case for a determination of damages under the Trade Secrets Act.

Following remand, the circuit court entered an order on January 14, 2005, in which it concluded that Nationwide had been unjustly enriched by the misappropriation of the trade secrets but that sufficient evidence had not been developed at trial for the court to determine the amount of damages to be awarded under the Trade Secrets Act. The court entered judgment in favor of Nationwide.

TRS appealed, and in R.K. II, this court affirmed the circuit court's denial of relief under the Trade Secrets Act but reversed and remanded the case for a determination of damages based on unjust enrichment. In R.K. II, this court also considered Nationwide's cross-appeal, which asserted that this court lacked jurisdiction to remand the case in R.K. I for a determination of damages under the Trade Secrets Act because TRS did not cross-appeal on that point. This court rejected Nationwide's jurisdictional argument in R.K. II and held that this court had jurisdiction to remand the case.

After the second remand, the circuit court entered an order on March 20, 2007, awarding TRS damages in the amount of $262,303 based on the theory of unjust enrichment. Specifically, the court said:

4. The Court finds that although liability for misappropriation of trade secrets has been proven, the evidence presented on actual

loss is too speculative to prove damages. However, the evidence presented on damages for unjust enrichment has been clearly established.

5. The Court now makes the determination that the correct measure of damages on the issue of unjust enrichment is the fair market value of the trade secrets. This value represents the benefit that Nationwide has received by avoiding the payment of this value in order to obtain this information.

In the instant appeal, Nationwide again maintains as its first point that this court lacked jurisdiction to remand the case in *R.K. I* for a determination of damages under the Trade Secrets Act. Nationwide recognizes that it made this same argument during a cross-appeal in *R.K. II* but urges that although this court rejected Nationwide's arguments in *R.K. II* regarding waiver and election of remedies, it failed to address directly the issue of subject-matter jurisdiction. It argues once more that in the circuit court's January 21, 2003 order, the circuit court did not award any damages under the Trade Secrets Act, and TRS did not file a cross-appeal from that decision. Nationwide points out that, as a result, TRS was granted affirmative relief not asked for by cross-appeal. Thus, Nationwide insists, neither this court nor the circuit court had jurisdiction in *R.K.I* to award TRS damages under the Trade Secrets Act or for unjust enrichment, and the circuit court's subsequent orders are all void *ab initio.*

We begin by discussing the law-of-the-case doctrine, which "prohibits a court from reconsidering issues of law and fact that have already been decided in a prior appeal." *Byrne, Inc. v. Ivy,* 367 Ark. 451, 457, 241 S.W.3d 229, 235 (2006). This court has explained that "[o]n second appeal, . . . the decision of the first appeal becomes the law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those which might have been, but were not, presented." *Vandiver v. Banks,* 331 Ark. 386, 391, 962 S.W.2d 349, 352 (1998) (quoting *Mercantile First Nat'l Bank v. Lee,* 31 Ark. App. 169, 173, 790 S.W.2d 916, 919 (1990)). Stated differently, "[t]he doctrine of the law of the case . . . prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless the evidence materially varies between the two appeals." *Vandiver,* 331 Ark. at 391-92, 962 S.W.2d at 352.

In *R.K. II,* the second appeal in this case, Nationwide raised the issue of this court's subject-matter jurisdiction on cross-appeal. As already stated, Nationwide argued that this court lacked juris-

diction to remand the case in *R.K. I* for a determination of damages under the Trade Secrets Act because the circuit court did not award damages under the Trade Secrets Act at trial and TRS did not cross-appeal from that ruling. This is the same argument that Nationwide now makes in the current appeal.

In *R.K. II*, this court rejected Nationwide's argument and confirmed its decision by continuing to assume jurisdiction in this matter and by remanding the case a second time for further rulings by the circuit court. Our decision on Nationwide's jurisdictional point was clear. Because of this, we hold that the law-of-the-case doctrine bars Nationwide from now making the same argument which this court has previously rejected. Nationwide posits that subject-matter jurisdiction can be raised more than once. We disagree. Once that issue has been decided by this court, it cannot be raised again. Were this not the case regarding issues raised about subject-matter jurisdiction, this court could be called upon to decide the same issue multiple times. This we will not do.

Nationwide contends, as its second point, that the circuit court erred in awarding TRS damages in the amount of $262,303 for unjust enrichment. Nationwide maintains that the circuit court simply awarded the same damages to TRS for unjust enrichment that it previously had awarded for conversion and that to use the same measure of damages, which was fair market value, was error. Nationwide adds that the fair market value of the misappropriated items is not the appropriate measure for unjust enrichment as there was no evidentiary correlation between the market value of the misappropriated items and the value of the benefit gained or retained by Nationwide. Nationwide insists that the circuit court resorted to speculation and conjecture to reach the amount awarded as there was no evidence presented at trial regarding the actual benefit. Specifically, Nationwide contests the absence of proof about the extent of time it used the items and the inclusion of the "costs" of these items into the damages calculation.

Our standard of review for bench trials has been established by this court:

> In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the circuit court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Omni Holding and Developing Corp. v. C.A. G. Investments, Inc.,* 370 Ark. 220, 258 S.W.3d 374 (2007). A finding is clearly erroneous when, although

there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.*

*El Paso Prod. Co. v. Blanchard*, 371 Ark. 634, 640, 269 S.W.3d 362, 368 (2007).

In *R.K. II,* this court held that the circuit court may look to the general law of unjust enrichment when determining damages for unjust enrichment under the Trade Secrets Act. In order to find unjust enrichment, "a party must have received something of value, to which he or she is not entitled and which he or she must restore." *El Paso Prod. Co.,* 371 Ark. at 646, 269 S.W.3d at 372. Furthermore, this court has explained that "an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain." *Id.* In *R.K. II,* this court described unjust enrichment as follows:

> Unjust enrichment is an equitable doctrine. *First Nat'l Bank of DeWitt v. Cruthis,* 360 Ark. 528, 203 S.W.3d 88 (2005). It is the principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.

366 Ark. at 469, 237 S.W.3d at 24 (quoting *Servewell Plumbing, LLC v. Summit Contractors, Inc.,* 362 Ark. 598, 612, 210 S.W.3d 101, 112 (2005)).

In its March 20, 2007 order, the circuit court ruled that the correct measure of damages for unjust enrichment was the fair market value of the misappropriated trade secrets. Now, Nationwide attacks that order for three reasons: (1) that market value of the trade secrets is not an appropriate measure of unjust enrichment; (2) that certain items included in the unjust-enrichment calculation either were not trade secrets or Nationwide did not benefit from having them; and (3) that Nationwide could not have had the benefit of the full market value of the trade secrets because Nationwide retained the trade secrets for only one month. We disagree with each of Nationwide's points.

Nationwide first asserts that the fair market value of the trade secrets is not a proper measure of unjust enrichment. The circuit court, however, ruled that the fair market value of the items misappropriated represented the benefit that Nationwide received because Nationwide was able to use the trade secrets without paying for them. The circuit court had found, in its original order, that Nationwide benefitted from the use of the misappropriated trade secrets by generating substantial profits in a very short period of time. Nationwide also contends that several of the items included in the calculation for unjust-enrichment damages are either not trade secrets at all or that Nationwide never gained a benefit from misappropriating the items. Nationwide particularly disputes the inclusion of the cost of the Staff Pro computer software, the cost of nursing lists purchased from the State Boards of Nursing, the cost of labor for converting certain databases, and other historical development costs.

We note initially on this point that the circuit court found in its original order that these items were trade secrets. The circuit court said "that the Staff Pro computer program and the various lists, including the nurse list and the facility list, were developed for the exclusive use for TRS and were trade secrets in accordance with Arkansas law." This finding was then affirmed by this court in *R.K. I*, and the law-of-the-case doctrine precludes Nationwide from now asserting that these items were not trade secrets.

Secondly, the circuit court found that these trade secrets benefitted Nationwide, as the circuit court attributed Nationwide's first-year's profits to its use of the misappropriated trade secrets. Nationwide contends, in particular, that it received no benefit from its theft of the computer program, Staff Pro. It maintains that the program was only in its possession for four business days and that it was never installed to be used on any of Nationwide's computers. Despite this contention, the circuit court found in its first order that the computer program was "a comprehensive computer program" that contained "contact information for all the TRS nurses, information regarding facilities that TRS had contracts with, various accounting features, methods of tracing workers' compensation claims, and all other information necessary for the day to day operation of TRS." Even if Nationwide did not install the program on its computers for actual use, we cannot say that the circuit court clearly erred in ruling that

Nationwide benefitted from having the program, if only for four business days, because the program contained information that was highly beneficial and highly accessible to Nationwide.

We further hold, regarding the development and labor costs for the various lists and databases, that the circuit court did not err by including these costs in its calculation for unjust-enrichment damages. These costs are clearly part of the fair market value of the trade secrets, and Nationwide gained a benefit by using these trade secrets without paying for their development. Because of this, Nationwide was unjustly enriched by its use of the various lists and databases without having to contribute to the time, effort, and cost of their development. Therefore, the development and labor costs of the trade secrets were properly included in the award of damages for unjust enrichment.

As a final point, Nationwide insists that it could not have gained the benefit of the full market value of the misappropriated trade secrets because they were only in Nationwide's possession for approximately one month. Nevertheless, as discussed above, the circuit court attributed Nationwide's first-year's profits to its use of TRS's trade secrets. The circuit court clearly did not believe that the positive effects that the trade secrets had on Nationwide's business lasted for only one month but rather extended throughout the early life of Nationwide's operations. We disagree that Nationwide did not have the benefit of the full market value of the trade secrets simply because they were only in Nationwide's physical possession for one month.

In sum, we hold that the circuit court did not clearly err in ruling that the fair market value of the misappropriated trade secrets was an appropriate measure of unjust enrichment and in awarding damages in the amount of $262,303.

Affirmed.