CITY of ALEXANDER *v.* Royal DOSS

CA 07-1122                                        284 S.W.3d 74

Court of Appeals of Arkansas
Opinion delivered May 7, 2008

*Jensen Young & Houston, PLLC*, by: *Brent Houston*, for appellant.

*Floyd A. Healy*, for appellee.

JOSEPHINE LINKER HART, Judge. The City of Alexander, hereinafter "the City," appeals from an order of the Pulaski County Circuit Court awarding Royal Doss $6,180 for maintaining a ditch on a city right-of-way adjacent to Doss's property. On appeal, the City argues: 1) the trial court erred in finding that the City was not entitled to immunity under Arkansas Code Annotated section 21-9-301 (Repl. 2004), where the cause of action was one for unjust enrichment; 2) the trial court erred in not finding that Doss was a "volunteer" when he built a retaining wall on his property; and 3) there is insufficient evidence to support the $6,180 judgment given to Doss. We reverse and dismiss.

Most of the legally significant facts in this case are not in dispute. Doss is the owner of a restaurant in Alexander that is bordered on two sides by storm-water drainage ditches. The City has used community-service and prisoner labor as well as private individuals under contract to maintain the ditches, but most of the time, Doss has mowed the ditches near his property. Doss sent the City bills for his mowing services, but the City refused to pay. Additionally, for several years, Doss attempted to have the City put culverts in the ditches by petitioning the town council, but to no avail. The City apparently proposed filling the ditches with rip rap. Doss, however, regarded this solution as unsatisfactory.

On May 16, 2006, Doss sued the City for $30,000. Doss claimed he was entitled to the money because he "exclusively" maintained the ditch for six years and told the City that he was going to "charge" it for his efforts and, alternatively, because the City was "unjustly enriched" by his services. At a hearing on his complaint, Doss testified that his damages fell into three broad categories. He attributed $6,180 to the construction of a retaining wall situated entirely on his property that he contended was necessary to stop the erosion of his land by the water flowing in the ditch. Doss asserted that approximately $19,500 was owed to him for "cleaning up junk piles in the alley" near his restaurant, and the remainder of the $30,000 was for reimbursement that he believed he was owed for mowing the ditch for six years. Relying on the City's proffered authority, *City of Crossett v. Riles*, 261 Ark. 522, 549 S.W.2d 800 (1977), the trial court dismissed Doss's claims for clean-up and mowing on directed verdict. It did, however, award damages in the amount of $6,180 for construction of the retaining wall. The City timely filed a notice of appeal.

In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the circuit court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Omni Holding & Dev. Corp. v. C.A.G. Invs., Inc.*, 370 Ark. 220, 258 S.W.3d 374 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.*

▪ As we noted previously, the City raises three arguments on appeal. However, because they are so inextricably intertwined, we will summarize them and dispose of them together. The City first states that the trial court erred in finding that the City was not entitled to immunity under Arkansas Code Annotated section 21-9-301, where the cause of action was one for unjust enrichment. Citing *First National Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005), it asserts that "unjust enrichment" is not truly a cause of action, but rather an "equitable doctrine," to wit:

> [O]ne person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution of or for benefits retained, or appropriated, where it is just and

equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.

The City further states that the purpose of unjust enrichment is to provide a method for obtaining restitution in order to make a party whole, whereas a tort is an act that injures someone in some way and for which the injured person may sue the wrongdoer for damages. Accordingly, it urges us to accept the reasoning stated by the California Court of Appeals in *Janis v. California State Lottery Commission*, 68 Cal. App. 4th 824, 80 Cal. Rptr. 2d 549 (1998), wherein the reviewing court examined the nature of the relief sought, not merely what the plaintiff called his cause of action, to determine whether tort immunity existed. If we do so, the City argues, we will deduce that Doss's suit had to be based in tort, from which it would be immune from suit under Arkansas Code Annotated section 21-9-301. Furthermore, the City contends that unjust enrichment would not justify an award of damages in this case because for the doctrine to be implicated, the party from whom damages are sought must have received something of value to which it was not entitled. Here, Doss chose to build the retaining wall under circumstances that belie a reasonable expectation of reimbursement from the City because he "voluntarily" constructed the wall on his own property. Moreover, the City therefore did not receive anything of value because the wall was exclusively on Doss's property and according to *City of Crossett, supra*, unjust enrichment could not arise from the fact Doss's building of the retaining wall saved the expenditure of city funds because the City had no duty to maintain the ditch or indemnify adjoining landowners for problems arising from water being carried by the ditch. We find these arguments have merit.

We note that "unjust enrichment" has been described by our supreme court as an equitable doctrine or principle that "one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *R.K. Enters., LLC v. Pro-Comp Mgmt., Inc.*, 372 Ark. 199, 272 S.W.3d 85 (2008). To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he

or she must restore. *El Paso Prod. Co. v. Blanchard*, 371 Ark. 634, 269 S.W.3d 362 (2007). There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. *Id.*

As we noted previously, Doss sought money for three undertakings: mowing the drainage ditches that bordered his property, picking up trash in an alley, and building a retaining wall on his own property. The mowing and cleaning up trash in the alley, actions for which the trial court denied recovery, were activities that sounded in quasi-contract. Building the retaining wall, for which the court did grant recovery, was a different "act" or "situation."

Doss justified his seeking compensation for building the retaining wall because the City had failed to properly maintain the drainage ditch that resulted in the alleged erosion of Doss's property. Accordingly, liability for those damages would have to be based either on negligent maintenance of the ditch or trespass. *See generally Mo. Pac. R.R. Co. v. Holman*, 204 Ark. 11, 160 S.W.2d 499 (1942). Both of these causes of action sound in tort, and we hold that this bars Doss from recovering the money he expended to build the retaining wall. Negligence suits against a municipality for its maintenance of drainage ditches, absent an express agreement to undertake such maintenance, have been held to be untenable under *City of Crossett, supra*. Moreover, because it is a tort claim, recovery would be barred by section 21-9-301. Likewise, the tort of trespass would also be barred by section 21-9-301. Furthermore, construction of the retaining wall was solely for Doss's own benefit, which necessarily means that the City was not unjustly enriched.

Finally, we agree with the City when it argues that, in any case, the trial court erred in finding unjust enrichment in this case. By unilaterally deciding to build the retaining wall, Doss could not have had a reasonable expectation that the City would reimburse him. *City of Crossett, supra*. Furthermore, it is black-letter law that recovery for performance of another person's duty to the public is limited to those situations where the "the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety." Restatement of Restitution § 115 (1936). The alleged erosion of Doss's property was not the type of emergency that would justify unilateral action. Accordingly, we hold that the trial court erred in failing to dismiss

Doss's claim for reimbursement for the retaining wall. We therefore reverse the trial court's award of damages to Doss and dismiss.

Reversed and dismissed.

HEFFLEY and VAUGHT, JJ., agree.