SLIP OPINION

Cite as 2015 Ark. 413

# SUPREME COURT OF ARKANSAS

No. CV–15–498

| | |
|---|---|
| DOROTHY WILLIAMS<br><div align="right">APPELLANT</div><br>V.<br><br>ROGER PATE, TOMMY RAMSEY, AARON RUSSELL, JERROD WILLIAMS, TONY MARSH, JIM MARSH, and THE PANGBURN SCHOOL DISTRICT<br><div align="right">APPELLEES</div> | **Opinion Delivered** November 5, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV-2012-214]<br><br>HONORABLE THOMAS HUGHES, JUDGE<br><br><u>DISSENTING OPINION ON DENIAL OF REVIEW</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

I dissent from the majority's decision not to grant review in this case. The court of appeals, in affirming a grant of summary judgment, made errors of law—essentially creating a new tort: negligent trespass. To accomplish this, as the petitioner notes, the court of appeals has ignored statutory law that makes its holding contrary to law.

Dorothy Williams owns property adjacent to land owned by the Pangburn School District (the PSD). She alleged that employees of the PSD trespassed on her property and cut down a number of trees. There is no dispute that the PSD failed to survey the property prior to cutting the trees and that a subsequent survey showed that the trees were on Williams's property. However, in granting the PSD's summary-judgment motion, the circuit court found dispositive the fact that Williams had failed to offer any proof that the PSD had any knowledge that it was violating her property rights at the time the trees were

being cut. Accordingly, the circuit court reasoned, the PSD's conduct was, at worst, negligent, and therefore the PSD was entitled to qualified immunity. In my view, the circuit court made an obvious mistake of law.

Trespass is an intentional tort. 75 Am. Jur. 2d Trespass § 9, at 16 (1991). The intent element is satisfied if the actor intended to commit the physical act. *Id.* Although negligent acts committed by public officials in the course of their official duties are protected by qualified immunity, intentional torts are not likewise protected. *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

With regard to cutting trees, Arkansas Code Annotated section 15-32-101 imposes an affirmative duty on the person cutting the trees to ascertain the correct boundary *before* cutting. This was not done in the case before us. Furthermore, a mistaken belief about a boundary does not exonerate the perpetrator. Under Arkansas Code Annotated section 18-60-102, such a mistaken belief as to ownership of the trees can only mitigate the damages. In that case, the person would only owe actual damages; otherwise, the person would be liable for treble damages. *Id.*

In affirming, the court of appeals relied on *City of Alexander v. Doss*, 102 Ark. App. 232, 284 S.W.3d 74 (2008), a case where, in dicta, the court of appeals suggested that an action for trespass could be barred by the qualified immunity granted by Arkansas Code Annotated section 21-9-301. However, in *Doss*, the trespass that it discussed hypothetically resulted from the City of Alexander's alleged negligent maintenance of a drainage ditch, which allegedly allowed for the erosion of Doss's property. There was no discussion about

whether the conduct was deliberate. Furthermore, assuming arguendo, that *Doss* did hold that section 21-9-301 provided qualified immunity for the intentional tort of trespass, this holding would directly conflict with *Battle v. Harris*, *supra*. It is axiomatic that the court of appeals cannot overrule supreme court precedent. This principle has been widely acknowledged by the court of appeals. *See, e.g.*, *Watkins v. Arkansas Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, 420 S.W.3d 477; *Rice v. Ragsdale*, 104 Ark. App. 364, 292 S.W.3d 856 (2009); *Breckenridge v. Ashley*, 55 Ark. App. 242, 934 S.W.2d 536 (1996). Suffice it to say, the dicta in *Doss* did not alter the law of trespass.

I would grant the petition for review.